UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLUMBIA PROPERTIES OF MICHIGAN,

    Plaintiff,

v.

COUNTY OF WAYNE, WAYNE COUNTY DEPARTMENT OF PUBLIC SERVICES, and THE CHARTER TOWNSHIP OF VAN BUREN,

    Defendants.

Case number 06-10624
Honorable Julian Abele Cook, Jr.

ORDER

On August 6, 2007, the Defendant, the Charter Township of Van Buren, Michigan, filed a motion for a judgment on the pleadings, or, in the alternative, the entry of a summary judgment. The following day, two of the Defendants, the County of Wayne government ("Wayne County") and the Wayne County Department of Public Services, filed a motion in which they collectively petitioned the Court in an effort to obtain the same relief that had been sought by Van Buren Township. Both motions are opposed by the Plaintiff, Columbia Properties of Michigan.

I.

On January 28, 2004, Columbia Properties entered into a land contract to purchase nearly 129 acres of land on the northwest corner of Martinsville and Hull Roads in Van Buren Township, Wayne County, Michigan. With recognition that Columbia Properties had expressed a desire to utilize this parcel for the development of residences, along with the recognition that the property had been originally zoned for agricultural purposes, a lawsuit was initiated against Van Buren

1

Township in the Wayne County Circuit Court of Michigan in an effort to effect a change in the existing zoning regulations. On October 15, 2004, the parties reached a resolution of their dispute which resulted in the entry of a consent judgment[1] that (1) required Van Buren Township to change the applicable zoning regulations which would permit the development of single family residential housing units on the property, (2) provided for the approval of a preliminary site plan which outlined the proposed development of the property as a site for residential condominiums, and (3) reflected an agreement among the parties that Columbia Properties would be responsible for extending the public sanitary sewer lines on the adjacent roads, and paving a portion of the roads which would lead to the entrance of the proposed condominium development.

Following the entry of the consent judgment, Columbia Properties proceeded with the process of preparing the property for development and obtaining all of the necessary permits to begin its work on the project. As part of this process, Van Buren Township officials applied to the Wayne County Department of Environment for an approval of its plans to extend the sanitary sewers. Once these plans had been approved by Wayne County, the application was thereafter transmitted to the Michigan Department of Environmental Quality ("MDEQ") for a permit which was subsequently issued on August 29, 2005.

After the sanitary sewer permits had been approved by the Wayne County Water and Sewer Department and the MDEQ, Columbia Properties entered into discussions with Wayne County, through its permits division, regarding the location of the sanitary sewer within the rights-of-way

---

[1]When the consent judgment was entered, Columbia Properties, after having acquired an interest in the property, was listed as a Plaintiff in this litigation.

of Martinsville and Hull Roads.[2] However, Columbia Properties was informed that it could not place the proposed new sanitary sewer extension inside the existing right-of-way because such a proposal would violate Wayne County's master plan. As a suggested alternative, Wayne County recommended that Columbia Properties should attempt to acquire easements from adjoining property owners. However, Columbia Properties found this requirement to be too onerous, after concluding that the cost of obtaining the easements, when coupled with its inability to force private landowners to grant easements, meant that it could not satisfy Wayne County's requirement. Even though Wayne County had provided Columbia Properties with several alternatives, each proposal proved to be unsatisfactory to Van Buren Township. Thereafter, the three entities engaged in several rounds of negotiations, all of which were unsuccessful.

This lawsuit followed. In its complaint which was filed in the Wayne County Circuit Court of Michigan on January 11, 2006, Columbia Properties sought to obtain, among other things, a mandamus against Wayne County and Van Buren Township which, if granted, would force both of these governmental entities to approve the project. Approximately one month later (February 2006), Columbia Properties, having forfeited its interest in the land contract, lost its rights to the property. On February 10th, the case was removed to this Court on the basis of its diversity jurisdiction over the parties. On June 7, 2007, Columbia Properties filed an amended complaint, in which it excluded its petition for the issuance of a mandamus, and included requests for damages arising out of (1) violations of procedural and substantive due process under the United States and

---

[2]The Martinsville and Hull Roads are located within a sixty six foot wide right-of-way.

Michigan Constitutions;³ (2) denial of equal protection, in violation of the Fourteenth Amendment to the United States Constitution; (3) an illegal taking of property interests, in violation of the Fifth Amendment to the United States Constitution; and (4) a breach of contract by Van Buren Township. On August 6, 2007, Van Buren Township filed a motion for a judgment on the pleadings, or in the alternative, for the entry of a summary judgment, asserting, in part, that this lawsuit (1) should be dismissed for lack of ripeness, and (2) is barred by the doctrines of collateral estoppel and res judicata. On the following day, Wayne County filed a motion, in which it sought to obtain the same dispositive relief that had been proposed by the Van Buren Township, and asserted many of the same legal arguments.

In response to the motions for summary judgment, Columbia Properties asserted that it is not (1)"pursuing a takings claim in federal court,"⁴ (2)"claiming a violation of its rights to procedural due process,"⁵ (3)"continuing to make a damage claim under the Michigan Constitution,"⁶ and (4) "a protected class and thus it will not proceed under [23 U.S.C.] Section 1985(3)."⁷

A review of the record in this cause indicates that the only remaining claims under consideration for the purposes of this motion for summary judgment are alleged violations of

---

³In its amended complaint, Columbia Properties seeks to recover damages for the Defendants' alleged violations of its due process and equal protection rights under 42 U.S.C §§ 1983 and 1985.

⁴Columbia Properties' response to Van Buren Township's motion for summary judgment at 6 and 21.

⁵Id. at 15

⁶Id.

⁷Columbia Properties' response to Wayne County's motion for summary judgment at 5.

4

procedural due process and equal protection clauses under the Fourteenth Amendment against both Defendants, as well as a breach of contract claim against Van Buren Township.

II.

A motion for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) challenges the legal basis of the complaint. It is governed by the same standards as a motion to dismiss under 12(b)(6) for failure to state a claim upon which relief can be granted. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). A court should "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

On the other hand, a motion for summary judgment under Federal Rule of Civil Procedure 56(c) tests the factual support for a plaintiff's legal theories. The entry of a summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). In such a circumstance, the moving party bears the burden of proving that there are no genuine issues of material fact to be resolved. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005). This burden can be satisfied by submitting affirmative evidence which could negate an essential element of the nonmovant's claim, or by demonstrating that the nonmovant's evidence is insufficient to establish the claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmovant is also obliged to " set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

III.

At the outset, both of the Defendants maintain that Columbia Properties' constitutional claims are not ripe for adjudication. It is well established that the existence of a case in controversy is a prerequisite to the exercise of federal judicial power under Article III of the United States Constitution. *Bigelow v. Michigan Dept. Of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992). It is without controversy that federal courts are not permitted to render advisory opinions. *Adcock v. Firestone Tire and Rubber Co.*, 822 F.2d 623, 627 (6th Cir. 1987.) Ripeness is more than a procedural question, in that it is determinative of jurisdiction. Thus, if a claim is not ripe for adjudication, the court lacks subject matter jurisdiction and the complaint must be dismissed. *Bigelow*, 970 F.2d at 157.

Here, Columbia Properties contends that its equal protection and substantive due process rights, as guaranteed by the Fourteenth Amendment, have been violated. In *Bigelow*, the Sixth Circuit Court of Appeals determined that in order for an aggrieved party to proffer a viable equal protection claim, the proceedings between the plaintiff and the government entity need "to have reached some sort of an impasse [in which] the position of the parties has been defined." *Bigelow*, 970 F.2d at 158. The *Bigelow* Court explained:

> We do not want to encourage litigation that is likely to be solved by further administrative action and we do not want to put barriers to litigation in front of litigants when it is obvious that the process down the administrative road would be a waste of time and money. *We believe that finality, not the requirement of exhaustion of remedies, is the appropriate determination of when litigation may begin.*

*Bigelow*, 970 F.2d at 158 (emphasis original).

Van Buren Township contends that, inasmuch as Wayne County had jurisdiction over the rights-of-way in Martinsville and Hull Roads, it could not determine where the sanitary sewer

6

would or could be located. Moreover, Wayne County maintains that it never officially denied the right-of-way permit for the sanitary sewer to Columbia Properties. Therefore, it is the movants' position that Columbia Properties never obtained a final, definitive administrative decision which declared that the proposed sanitary sewer line could not be located in the existing right-of -way.

Contrary to the claims of these Defendants, an aggrieved party, who seeks to make substantive due process and equal protection claims, must demonstrate "that the actions of the [governmental authority] were such that further administrative action" by Columbia Properties would not be productive. *Bannum*, *Inc. v. City of Louisville*, 958 F.2d 1354, 1362 (6th Cir. 1992). In this case, Columbia Properties has established that prior to initiating a lawsuit, its negotiations with Van Buren Township and Wayne County had reached an impasse, and that further administrative action would not have been productive.

IV.

Van Buren Township, in arguing that the claims in this action are barred by the parameters of a validly enforceable judicial decree, points to the consent judgment of October 15, 2004 which required Columbia Properties to install a sanitary sewer to serve the anticipated demands of the projected new development.

Under Michigan law, the doctrine of res judicata bars the litigation of a claim in any subsequent action if (1) the prior action was decided on the merits, (2) the issues in the second case were resolved or could have been resolved in the first case, and (3) both actions involve the same parties or their privies. *Dart v. Dart*, 460 Mich. 573, 597 N.W.2d 82, 88 (1999). The doctrine of res judicata applies broadly and precludes the litigation of any claims which are identical to those that have already been resolved, as well as those claims that "[arose] out of the same transaction

7

which plaintiff could have brought, but did not." *Katt v. Dykhouse*, 983 F.2d 690, 693 (6th Cir. 1992).

In 1974, the Michigan Court of Appeals opined that the term collateral estoppel "means simply that when an issue of fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any further lawsuit." *Local 98 v. Flamegas Detroit Corp.*, 52 Mich. App. 297, 302 (1974).

A consent judgment, which has been freely negotiated by the parties and subsequently approved by the court, has the full effect of a final judgment for purposes of claim preclusion. *Blakely v. United States*, 276 F.3d 853, 866 (6th Cir. 2002). Under Michigan law, a consent judgment is a final and binding judgment on the parties, from which a party may not appeal. *CAM Constr. v. Lake Edgewood Condo. Ass'n*, 465 Mich. 549, 556 (2002).

Contrary to the arguments which have been advanced by Van Buren Township, Columbia Properties is not seeking to litigate the same issues that were resolved by the consent judgment. The first lawsuit involved the zoning designation for the property in question. The current lawsuit is quite different, in that it is based upon an alleged violation of Columbia Properties' fundamental rights to due process and equal protection of the law, and in the alternative, for a breach of contract. Hence, the Court determines that Columbia Properties' claims are not barred by res judicata or collateral estoppel.

V.

In order to recover under 42 U.S.C. § 1983, a plaintiff must show, among other things, that the alleged tortfeasor violated his right, privilege or immunity to which he is entitled under federal law. *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990). In the matter which is now pending

before this Court, Columbia Properties submits that both of the Defendants violated its right to substantive due process, as guaranteed by the Fourteenth Amendment to the United States Constitution. According to the Sixth Circuit Court of Appeals, a citizen's right to substantive due process protects those interests that are so rooted in the traditions and conscience of our people as to be ranked fundamental. *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990). However, those rights which have been created or developed by the various states throughout the nation, such as contract rights, do not rise to the level of "fundamental"interests that are protected by the guarantees of substantive due process. *Brown v. Detroit*, 259 F. Supp. 2d 611, 619 (E.D.Mich. 2003.)

Van Buren Township maintains that Columbia Properties' claim for a violation of its substantive due process protection in this lawsuit is, in essence, the same as a claim under the consent judgment; namely, a violation of a validly enforceable contract between the two parties. In response, Columbia Properties asserts that its breach of contract claim is separate and distinct from those issues which relate to violations of substantive due process:

> Here, the due process claims against the Township . . . focus on the outrageous conduct of the Township (and County) in delaying the project and creating a moving target to prevent [Columbia Properties] from proceeding with development. . . . [T]he conduct of horsing [Columbia Properties] around, delaying and failing to approve the project, as well as Defendants working together to extort additional paving, constitutes outrageous conduct rising to the level of due process and equal protection violations.[8]

Thus, it appears from a reading of the complaint that Columbia Properties contends that it was subjected to arbitrary and capricious state action when its attempt to construct a sanitary sewer

---

[8]Columbia Properties' response to Van Buren Township's motion for summary judgment at 10.

9

line was rejected – a decision which, in turn, caused it to suffer a deprivation of a substantive due process of law. *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217. In order to prevail on this type of claim, an aggrieved party must demonstrate that the state administrative agency has been guilty of an "arbitrary and capricious action" in the strict sense, meaning that there is no rational basis for the administrative decision. *Id* at 1221. Federal courts should "show great respect" for a local authority's land use actions – namely, only reviewing the action to determine whether the government entity possessed "some factual basis" for the administrative action. *Id* at 1222.

The evidence, which ostensibly supports the Defendants' conduct in denying Columbia Properties' efforts to construct a sanitary sewer line, is not directly before the Court at this time. Rather, Van Buren Township and Wayne County assert that the Columbia Properties' substantive due process claim fails as a matter of law. The Court disagrees, and accordingly, denies their motion for summary judgment on this claim.

## VI.

The Defendants also challenge Columbia Properties' claim that they violated its rights to equal protection under the law. Generally, in order to establish such a claim, a plaintiff – such as Columbia Properties – must show that (1) it was treated differently from others who are similarly situated and (2) there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). The Supreme Court has explained that "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms or a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441 (1923).

Columbia Properties contends that Van Buren Township could have allowed it to use a lift station instead of requiring it to construct a sanitary sewer line as a prerequisite to obtaining a permit. It is the position of Columbia Properties that the action by the Van Buren Township is discriminatory and without justification, pointing to prior administrative decisions in which other land owners were permitted to use lift stations with which to facilitate the development of their properties. According to Columbia Properties, this unwarranted disparity forms the basis for its equal protection claim.

Columbia Properties also asserts that Wayne County permitted other property owners to construct sanitary sewers and water lines in existing right-of-ways, while denying it the same opportunity without advancing any legitimate basis or grounds to support its decision. These allegations are sufficient to state a claim for relief under the traditional equal protection analysis. However, the Court is unable to determine whether there existed a rational basis for the claimed difference in treatment, as this depends on factual evidence which is disputed by the parties.

VII.

Finally, Columbia Properties claims that Van Buren Township violated its duties and obligations under the consent judgment of October 2004, pointing to a specific paragraph which required the parties to "cooperate with one another in good faith."[9] It argues that Van Buren Township, despite having an affirmative duty to cooperate and assist in the development of the subject parcel of land, failed to do so. In response, Van Buren Township states that (1) the suggested level of cooperation by Columbia Properties would have required it to "spend monies

---

[9] Columbia Properties' response to Van Buren Township's motion for summary judgment at 22.

for the benefit of [Columbia Properties'] commercial development," and (2) paragraph 6 of the Consent Judgment clearly states that the Township "shall not be liable for . . . all the costs involved in establishing and administering . . . the improvements."[10] However, whether the cooperation which has been requested by Columbia Properties would have included an expenditure of money in violation of this paragraph 6 is a question of fact that is disputed by the parties. Columbia Properties has set forth a sufficiency of material facts with which to create a general issue as to whether a breach of contract did or did not occur. Accordingly, the entry of a summary judgment on this claim is not warranted at this time.

## VIII.

For the reasons stated above, the motions for judgment on the pleadings, or in the alternative, summary judgment, are denied with respect to Columbia Properties' substantive due process and equal protection claims against Van Buren Township and Wayne County. In addition, a summary judgment on Columbia Properties' alternative breach of contract claim against Van Buren Township is also denied. However, all of the remaining claims within Columbia Properties' complaint (namely, an unconstitutional taking of property in violation of the Fifth Amendment, a violation of Columbia Properties' rights to procedural due process under the Fourteenth Amendment, and a violation of rights that are secured by the Michigan Constitution) have been abandoned by Columbia Properties, and are now dismissed.

IT IS SO ORDERED.

---

[10] Columbia Properties's response to Van Buren Township's motion for summary judgment at 22.

Dated: February 1, 2008          s/ Julian Abele Cook, Jr.
       Detroit, Michigan         JULIAN ABELE COOK, JR.
                                 United States District Court Judge


<u>Certificate of Service</u>

I hereby certify that on February 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford
Courtroom Deputy Clerk