UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLUMBIA PROPERTIES OF MICHIGAN, L.L.C.,

       Plaintiff,

v.

COUNTY OF WAYNE, WAYNE COUNTY
DEPARTMENT OF PUBLIC SERVICES, and THE
CHARTER TOWNSHIP OF VAN BUREN,

       Defendants.

Case No. 06-10624
Honorable Julian Abele Cook, Jr.

## ORDER

This case pertains to claims by the Plaintiff, Columbia Properties of Michigan, L.L.C. ("Columbia Properties"), who has accused the Defendants, the County of Wayne government, the Wayne County Department of Public Services (collectively hereinafter, "Wayne County"), and the Charter Township of Van Buren Township (Michigan) of (1) violating their procedural and substantive due process rights under the United States and Michigan Constitutions; (2) precluding them from enjoying their rights to an equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution; (3) engaging in an illegal taking of their property interests, in violation of the Fifth Amendment to the United States Constitution; and (4) breaching its contractual obligations to the Van Buren Township.

1

I.

On January 28, 2004, Columbia Properties entered into an agreement to purchase 129 acres of land on the northwest corner of Martinsville and Hull Roads in the Van Buren Township, County of Wayne, Michigan with the intention of developing it into residencies. However, because the property was originally zoned for agricultural uses, Van Buren Township commenced a lawsuit which sought to convert the zoning regulations for this parcel of land into a use that would satisfy Columbia Properties' intended development plan. The parties ultimately reached a resolution of the issue on October 15, 2004 which resulted into the formation of a consent judgment. This consent judgment (1) required Van Buren Township to change its zoning regulations to allow the development of single family units, (2) approved a preliminary site plan that outlined the proposed development of residential condominiums, and (3) reflected the parties' agreement that Columbia Properties would extend the public sanitary sewer lines on the adjacent roads and pave a portion of the roads that would lead to the entrance of the proposed condominium development.

Columbia Properties subsequently began preparation for the development of the land and thereafter obtained all of the required permits that were necessary to begin construction. Van Buren Township also applied to, and subsequently received approval from, the Wayne County Department of Environment to extend the public sanitary sewer lines. This approval was subsequently forwarded to the Michigan Department of Environmental Quality for a permit which was issued on August 29, 2005.

Thereafter, Columbia Properties began discussions with the Wayne County Permits Office with regard to the location of the proposed sanitary sewer line within the sixty-six foot right of way between Martinsville and Hull Roads. However, these discussions resulted in a snag when Wayne

County informed Columbia Properties that the location of the proposed sanitary sewer line was unacceptable because it would contravene with its master plan.

When the parties' efforts to resolve their differences proved to be unsuccessful, Columbia Properties initiated this lawsuit in the Wayne County Circuit Court of Michigan on January 11, 2006.[1] However, this case was removed to this Court on February 10, 2006 on the basis of its diversity jurisdiction. On August 6, 2007, Van Buren Township filed a motion for the entry of a judgment on the pleadings, or in the alternative, for the entry of a summary judgment on August 6, 2007. Wayne County filed a motion seeking similar relief on the following day. On February 1, 2008, the Court denied these Defendants' motions. Several months later, on September 5, 2008, the Court rejected their collective petitions for the reconsideration of its February 1st decision.

The parties have now filed several motions in limine, in which they seek to have certain evidence excluded in advance of the impending trial; to wit, (1) Wayne County's motion in limine (filed on January 5, 2009); (2) Wayne County's second motion in limine (filed on January 6th); (3) Columbia Properties' first and second motions in limine (both of which were filed on January 26th); and (4) Wayne County's third motion in limine (filed on January 27th).[2] The Court will address and resolve each motion seriatim. *See* §§ II - XVII, *infra*.

II.

---

[1] In February 2006 - nearly one month after the commencement of this lawsuit - Columbia Properties forfeited its interest in the land contract and lost its rights to the property.

[2] On March 31, 2009, Columbia Properties filed a motion to strike the response filed by Wayne County on March 30, 2009. However, the Court did not consider Wayne County's response when reviewing the motions in limine because they are untimely. Thus, Columbia Properties' motion to strike is denied for reasons of mootness.

In its first motion in limine, Wayne County asks the Court to "exclude evidence of any 'delay' in court proceedings by [Wayne County]," contending that its motions were meritorious and were not designed to cause any delay. Columbia Properties, in its response, indicated that it "will not raise the issue to the jury in trial." Inasmuch as this is no longer a contested issue, Wayne County's motion will be denied for reasons of mootness.

### III.

Wayne County also urges the Court to "exclude evidence of the procedure or lack thereof in adopting guidelines." It believes that any evidence as to whether a guideline existed during the times that are pertinent to this litigation are relevant only to a procedural due process claim (which Columbia Properties has voluntarily abandoned), but not to the remaining substantive due process allegation. It is also the belief of Wayne County that this evidence would only serve to confuse the jury. Columbia Properties does not agree, arguing that this evidence "shows that the County's actions against [it] did not have a legally sustainable basis and were therefore, arbitrary and capricious."

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Nevertheless, a trial court may exclude this evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In order to prevail on a substantive due process claim, an aggrieved party must demonstrate that an arm of the state had engaged in an "arbitrary and capricious action," to such an extent that

4

there is no rational basis for the administrative decision.  *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992).  Here, the Court finds that the evidence relating to the rejection of an application to build a sanitary sewer at a specific location by Wayne County, which is based upon an existing internal guideline that allegedly had not been adopted by its Board of Commissions, is relevant to Columbia Properties' substantive due process claim.  Arguably, any evidence which shows that Wayne County did not base its decision on a formally adopted guideline could make it more probable than not that the rejection of the request by Columbia Properties was arbitrary and capricious.[3]  Furthermore, the Court does not believe that its probative value is "substantially outweighed" by the danger of misleading the jury.  As such, Wayne County's request is denied.

IV.

Next, Wayne County requests that the Court "exclude evidence of utilities other than sanitary sewers in Wayne County rights of way."  In support of this position, Wayne County believes that evidence of other applicants, who have sought to obtain authority to place their utilities (other than sanitary sewers), are not similarly situated for purposes of a federal equal protection analysis. Hence, Wayne County submits that this type of evidence, as proposed by Columbia Properties, is not relevant to the issues in this case and would be "unduly prejudicial to

---

[3] Also, Wayne County's characterization of *Andreano v. City of Westlake*, 136 Fed Appx. 865 (6th Cir. 2005) is misguided.  Contrary to its contention, *Andreano* did not determine that a City's violation of a state law was irrelevant to a determination as to whether its actions were arbitrary and capricious.  The *Andreano* court also declared that "[m]erely because the state courts found that the City's rejection of the Plan was arbitrary and capricious under state law does not necessitate the same conclusion under federal law." *Andreano*, 136 Fed. Appx at 872. This ruling does not state that consideration of state law is irrelevant.  Rather, it concluded that such a decision is not binding upon the federal courts.  Furthermore, it should be noted that the *Andreano* court did examine those state ordinances on which the City had based its decision to reject  the plaintiff's plan.  *Id.* at 871.

5

[it] in violation of [Fed. R. Evid.] 403." Columbia Properties disagrees, contending that the question of whether other individuals' requests for the placement of other utilities are similarly situated to the matters in dispute in this case are issues that should be resolved by a jury.

There is a dispute among the parties as to whether the circumstances which surround the placement of the challenged sanitary sewer - as opposed to other utilities - are sufficiently similar for purposes of an equal protection claim. Since this factual determination is in dispute, it would be inappropriate for this Court to adopt the argument by Wayne County which will exclude competent evidence regarding applicants for other utilities. Evidence pertaining to an approval by Wayne County, if any, for the placement of other utilities within its rights of way may be relevant in this litigation because a jury could reasonably conclude that (1) Columbia Properties was similarly situated to these applicants and (2) Wayne County did not have a rational basis for the difference in its treatment of applicants. Moreover, inasmuch as this evidence goes to the heart of the issues in dispute over Columbia Properties' equal protection claim, the Court does not believe that the admission of this evidence - if deemed to be relevant - would be unfairly prejudicial to Wayne County. Accordingly, this request is denied.

V.

Wayne County also submits that "evidence of sanitary sewers in [its] rights of way where [the] permit applicant was a governmental entity" should be excluded because its admission would be (1) irrelevant and (2) unfairly prejudicial to the Defendants. Wayne County also asserts that governmental entities are entitled to be treated differently from private entities in Michigan, citing

to Mich. Comp. Laws § 224.19(b).[4] Columbia Properties argues that although it was responsible for building the sanitary sewer line, this authority was to "be given to and [placed] under the jurisdiction and ownership of the [Van Buren] Township."[5]

To prove an equal protection claim under the Fourteenth Amendment of the United States Constitution, a plaintiff - such as Columbia Properties - must establish that (1) it was treated differently from others who are similarly situated and (2) there was no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

In presenting an argument in support of its motion for judgment on the pleadings or for summary judgment in August 7, 2007, Wayne County asserted that a necessary element of Columbia Properties' equal protection claim is missing because all of its projected "similarly situated" applicants were public entities. Notwithstanding, the Court considered this argument and, thereafter, denied Wayne County's application for relief. The Court will decline to revisit this issue

---

[4] Mich. Comp. Laws § 224.19b(4) states, in relevant part:

A county road commission may not refuse a permit requested by a government entity for the installation of a facility or utility owned by that entity if security is given by the permitted or its contractor to the county road commission sufficient to insure restoration of the road and appurtenances thereto and adjacent right of way to a condition reasonably equal to or better than that existing prior to such installation nor may a county road commission charge a government entity a permit fee exceeding $300.00 per permit or $1,000.00 total for all permits per project.

[5] Wayne County asserts that the authority to construct the sewer permit, which had been issued by the State of Michigan, designated the Van Buren Township as the owner. The request that was submitted by Van Buren Township to the Wayne County Department of Environment for an approval of its plans to extend the public sanitary sewers was approved and subsequently forwarded to the Michigan Department of Environmental Quality for a permit which was issued on August 29, 2005.

at this time.

Even if this issue had not been raised at an earlier time, the Court would not be inclined to exclude the requested evidence because there appears to be a genuine issue of a material fact in dispute regarding the identity of the entity (Columbia Properties or Van Buren Township) of the applicant and owner of the proposed sanitary sewer.[6] As an example, Columbia Properties provided the Court with evidence which showed that the State of Michigan had issued a permit for the sanitary sewers to Van Buren Township. However, Columbia Properties was the entity that applied for a permit with Wayne County for the location of the sanitary sewer in the right of way. This creates a factual issue that must be resolved by a jury - not this Court.

## VI.

Wayne County also seeks to "exclude evidence that suggests that David Ryzyi and/or Mark DeCaussin were forced out of County employment by [the] County." In support of this request, Wayne County asserts that both of these men testified during their depositions that they had retired voluntarily as County employees. Thus, Wayne County submits that Columbia Properties should not be permitted to "allude to or insinuate" that David Ryzyi and/or Mark DeCaussin were forced out of their jobs as this information is based on "office rumors" and because such an inquiry would have a tendency to mislead the jury. Columbia Properties argues that any questions posed to Ryzyi and DeCaussin about their retirement would be probative of any bias for impeachment purposes.

Wayne County's motion, which is designed to preclude a line of questioning relating to personnel issues involving David Ryzyi and/or Mark DeCaussin, will be denied without prejudice.

---

[6] Wayne County has acknowledges that "[t]hough [Columbia Properties] tries to argue that the actual applicant was the [Van Buren] Township, this is *disputed* by all Defendants, including the [Van Buren] Township." (emphasis added).

In taking this action, Wayne County may revisit this issue during the trial when the Court will have a better opportunity to evaluate such evidentiary matters as relevancy, foundation and prejudice if questions relating to the employment of these two former employees are raised by any of the parties.

## VII.

Wayne County also urges the Court to exclude evidence of "minor delays in processing [the] permit application" because such an inquiry is irrelevant and could "unduly prejudice [it] at trial." Wayne County argues that evidence of this delay is not probative of any substantive due process claim by the opposition party.

Columbia Properties, while conceding that evidence relating to the issue of delay would not prove its denial of substantive due process claim, maintains that this contested evidence is appropriate to support other pertinent evidence in this case. It is also Columbia Properties' contention that Wayne County "took approximately 11 months . . . [and] imposed illegal conditions and demanded illegal exactions . . . and created an unreasonable and capricious moving target which constituted an element of the denial of due process."

In its review of the parties' arguments, the Court concludes that this evidence could arguably make Wayne County's purported violation of the substantive due process more probable than not probable. A lengthy delay, which may have contributed to Columbia Properties' forfeiture of its rights under a then-existing land contract, could be viewed by a jury as evidence of arbitrariness and capriciousness by this municipal entity. Additionally, the Court does not believe that this evidence would mislead the jury, as the characterization of the alleged misconduct by

9

Wayne County goes to the heart of the issues in this litigation. As such, this request is denied.

VIII.

Wayne County also asks the Court to "exclude evidence of the procedural processes for adopting guidelines within Wayne County." To bolster this request, Wayne County asserts that any evidence pertaining to its permit authorization process is relevant only to a procedural due process claim, which Columbia Properties has chosen not to pursue. Furthermore, even assuming that it is relevant, Wayne County posits that this evidence would confuse the jury and constitute a waste of time. Columbia Properties, on the other hand, maintains that this evidence is relevant to "whether or not [the Wayne] County Defendants had legal authority to deny the engineering plans and right of way permits."

This request is similar to an earlier request by Wayne County that has been addressed and resolved by the Court. The Court concludes that evidence pertaining to the process for adopting guidelines is probative as to whether Wayne County did or did not act arbitrarily when it rendered a decision regarding Columbia Properties' application for a sanitary sewer. Evidence that there were no guidelines in place when Columbia Properties' permit application was denied would have a tendency to cast an arbitrary and capricious light upon the now-contested administrative decision by Wayne County. Furthermore, any danger that this evidence would mislead the jury is not substantially outweighed by its probative value. Hence, the Court will deny Wayne County's request.

IX.

Wayne County asks the Court to sequester fact witnesses at trial "to preclude possible collusion among testifying witnesses." Columbia Properties concurs with this request.

Fed. R. Evid. 615 provides, in pertinent part, that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." Inasmuch as there is no opposition to this request, the Court will grant Wayne County's petition to sequester all fact witnesses prior to their presentation of testimony during the trial.

X.

Next, Wayne County urges the Court to preclude "evidence of [the] 45-day review guarantee and new standards/rules." It asserts that subsequent to the events involved in this lawsuit, Wayne County implemented new rules and standards, particularly a "guarantee of a petition review period of 45 days." Wayne County submits that (1) this evidence is not relevant and (2) these changes are subsequent remedial measures and therefore should be excluded for purposes of establishing Wayne County's alleged liability.

Columbia Properties urges the Court not to make a ruling at this time "which would prevent [it] from presenting appropriate control, feasibility and impeachment questions and evidence at trial."

Fed. R. Evid. 407 states the following:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

The Court will grant Wayne County's motion as to any proffered proofs by Columbia

11

Properties of any alleged "subsequent remedial measures" as prohibited by the Federal Rules of Evidence. However, the Court will deny that remaining portion of Wayne County's motion which seeks to preclude Columbia Properties from introducing any evidence which is otherwise admissible under Fed. R. Evid. 407 (i.e., "proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment").

XI.

Wayne County seeks to have the Court preclude any evidence pertaining to Charlie Williams' exhortation of "that's extortion" when referring to its paving agreement with Columbia Properties. In support of this request, Wayne County asserts that at the time of Williams' comment he "did not have contracting authority on behalf of the County," which renders his comments "only marginally relevant."[7] Furthermore, Wayne County is of the belief that inasmuch as Columbia Properties does not have any competent evidence upon which to substantiate this statement, it is a "defamatory opinion" which would cause its defenses to be unfairly prejudiced.

Wayne County identifies one witness, Eli Scherr, who testified during his deposition that Williams had made the remark while they were discussing a proposal which would allow Columbia Properties to locate the sanitary sewer in the right of way in exchange for its assumption of responsibility for paving both adjacent roads.[8] Even if he had "no contracting authority," as Wayne County has asserted, the Court concludes that his statement may be relevant in connection with

---

[7] Williams testified at his deposition that he was the Deputy Executive for Wayne County when the now-challenged statement was made.

[8] In its response, Columbia Properties also proffered the deposition testimony of Herb Lawson, who corroborated Williams' statement.

Columbia Properties' claims that it had received "illegal demands" from Wayne County in exchange for an approval of its plan. Nevertheless and because the Court believes that this comment is extremely prejudicial to Wayne County and substantially outweighs any probative value that it may have to ability of the jury to assess the evidence fairly and impartially, Williams' remark must be excluded. As such, Wayne County's request is granted.[9]

### XII.

Wayne County urges the Court to preclude any evidence of "damages incurred by entities/individuals other than Columbia Properties . . ." because it believes it is not relevant to any of the issues in this case. Columbia Properties does not oppose this motion.

Inasmuch as Columbia Properties has agreed that it will only present evidence relevant to its own damages, Wayne County's motion is granted..

### XIII.

In its "second set of motions in limine" the Court has been asked to foreclose Columbia Properties from introducing evidence which would suggest that the "[Wayne] County did not follow [Mich. Comp. Laws §] 224.19b as applied to [Van Buren] Township-owned sanitary sewer." In support of this petition for relief, Wayne County asserts that (1) state law is not "material" to Columbia Properties' federal substantive due process and equal protection claims, and (2) this evidence would tend to confuse the jury and unfairly prejudice Wayne County. Columbia Properties argues that this evidence would help it to show that there was no rational basis for Wayne County's actions.

---

[9] Columbia Properties engages in a lengthy discussion of hearsay in its response. However, Wayne County did not contend that Williams' statement was hearsay. Therefore, the Court will not address this issue.

As discussed in section V, supra, the Court determines that there is an underlying factual dispute as to (1) the owner of the sanitary sewer, and (2) whether Mich. Comp. Laws § 224.19b is applicable to this case. Therefore, the Court declines the request to foreclose any evidence which would suggest that Wayne County had failed to abide by this state statute. Additionally, Wayne County continues to mischaracterize the holding in *Andreano v. City of Westlake*. Although the *Andreano* Court held that it was not bound by a state court's determination of a violation of substantive due process, it did not conclude that state law was irrelevant to the case. *Andreano*, 136 Fed. Appx at 871-72. Finally, although Wayne County argues that this evidence would not be "material" to Columbia Properties' case, this is not an inquiry that the Court must make under Fed. R. Evid. 401. Rather, this rule of evidence compels the Court to determine if the evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Moreover, Wayne County has not demonstrated that the probative value of this evidence is substantially outweighed by any danger of unfair prejudice or misleading the jury. Accordingly, Wayne County's request is denied.

XIV.

In the last of the two requests within its second motion in limine, Wayne County argues that the Court should "exclude any mention or introduction into evidence of *Arrowhead Development Co. v. Livingston Co. Road Com'n*." It submits that this case is irrelevant and "extremely prejudicial" because it is (1) based exclusively on state law and (2) inconsequential to Columbia Properties' case. In response, Columbia Properties alleges that it "does not intend to introduce as 'evidence' the *Arrowhead* decision . . . [because] citing of case law to the jury by counsel would

14

be improper[.]"

As Columbia Properties correctly notes, it is the province of this Court to issue instructions to the jury on the substantive law governing its verdict. *See generally*, Fed. R. Civ. P. 51, 2003 Committee Notes.[10] Therefore, the request by Wayne County is denied.

XV.

Columbia Properties, in its first motion in limine, asks the Court to exclude evidence that Wayne County acted pursuant to legal authority in refusing " to issue or place conditions on right-of-way permits for the sanitary sewers requested in this case" because [it](1) had no statutory authority and (2) did not have any written or adopted rules or standards allowing it to take this action.[11]

The Court initially notes that Columbia Properties, in failing to cite any rule of evidence upon which to base its request for exclusion,[12] bases its request on reported decisions from the Michigan Supreme Court and Michigan Court of Appeals. However, inasmuch as (1) Columbia Properties has not presented the Court with any rules of evidence on which to base its requested relief and (2) this issue goes to the heart of the contested matters in this case, the Court must deny Columbia Properties' motion.

XVI.

---

[10] Fed. R. Civ. P. 51 titled "Instructions to the Jury; Objections; Preserving a Claim of Error" states, in part, that the trial court "may instruct the jury at any time before the jury is discharged."

[11] Wayne County filed an untimely response on March 30, 2009. Therefore, this pleading will not be considered by the Court.

[12] Columbia Properties states that this evidence would "confuse the jury" but does not cite any rule of evidence. Notwithstanding, the Court does not agree that this information would prove to be confusing to a jury.

In its second motion in limine, Columbia Properties asks the Court to preclude the introduction of any argument that would characterize its negotiations with Wayne County which pertained to the paving of roads in exchange for a permit as an accommodation, an exchange, or an arrangement. Columbia Properties submits that Wayne County should not be permitted to make these type of arguments because they are improper and contrary to law.

Columbia Properties also asks the Court to take judicial notice "at the outset of the case . . . reflect[ing] the correct statement of law, which the jury would not otherwise be expected to know." Wayne County submitted an untimely response that will not be addressed or taken into account by the Court.

Columbia Properties' request to preclude Wayne County from making the above-referenced arguments is not appropriate for a motion in limine. A motion in limine is defined as "[a] pretrial request that certain inadmissible *evidence* not be referred to or offered at trial." *Black's Law Dictionary* 1033 (7th ed. 1999). (emphasis added) Instead, Columbia Properties seeks relief for preclusion without identifying any piece of evidence which it deems to be inadmissible. Moreover, if the Court granted Columbia Properties the relief that it seeks to obtain (i.e., "that such conduct [by Wayne County] violates substantive due process"), it would be rendering a decision on the ultimate issue in this case, which is inappropriate for a motion in limine.

Columbia Properties' request for judicial notice of the relevant law must also be denied. Black's Law Dictionary defines judicial notice as "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact[.]" Black's Law Dictionary 851 (7th ed. 1999). Although a court may take judicial notice of proceedings in other courts of record, this is done where the other proceedings included the same

16

parties and facts involved in the present case. See Granader v. Public Bank, 417 F.2d 75, 82-83 (6th Cir. 1969). Here, Columbia Properties seeks a ruling (as opposed to judicial notice of an undisputed fact) that may be more appropriate for an instruction to the jury. Thus, its motion in limine must be, and is, denied.

### XVII.

Wayne County, in its third motion in limine, urges the Court to preclude Columbia Properties from making any reference to any "instances of sanitary sewer or utility placements within the existing right of way before David Ryzyi's tenure as Permit Division engineer and the concurrent reorganization of the Permits [O]ffice." Wayne County submits that, inasmuch as its Permits Office under Ryzyi enforced the location of utilities "in a stricter" manner, instances of placements prior to his tenure are not similarly situated for purposes of Columbia Properties' equal protection claim. Columbia Properties opposes this contention, arguing that these facts provide a context for the jury and show that Ryzyi's actions were not rational.

The Court agrees with Columbia Properties' contention that this evidence is relevant for purposes of its equal protection claim.[13] However, even if the Court ruled that these instances were not similarly situated to that of Columbia Properties, this evidence would be relevant to the still pending substantive due process claim against Wayne County. Evidence that prior engineers in the Wayne County Permit Office did not enforce this guideline as strictly or inflexibly as Ryzyi, if

---

[13] The case cited by Wayne County to support its request, *Bell v. Duperrault*, 367 F.3d 703, is distinguishable from the instant case in two important respects. In *Bell*, the administrative office had (1) conducted an assessment before officially changing its policy and (2) the agency "began emphasizing the importance" of the new structures it would consider when examining a permit application. *Bell*, 367 F.3d at 707. Here, Wayne County has not provided any evidence of any studies or any notification by Ryzyi that he would be enforcing the master plan in a stricter manner.

accepted by the jury, could make Columbia Properties' argument that Wayne County lacked a rational basis for its actions more probable than not probable. Accordingly, the Court denies Wayne County's motion.

## XVIII.

For the reasons stated above, the Court must, and does, (1) deny in part and grant in part Wayne County's motions in limine (documents #97, 98 and 101), and (2) deny Columbia Properties motions in limine (documents #99 and 100). Additionally, Columbia Properties' motion to strike (document #109) is denied for reasons of mootness.

IT IS SO ORDERED.

Dated:  April 1, 2009  
       Detroit, Michigan

s/Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 1, 2009.

s/ Kay Doaks  
Case Manager